**STATE of Iowa, Appellee,**

v.

**Leonard John STAKENBURG, Appellant.**

No. 56267.

Supreme Court of Iowa.

Feb. 20, 1974.

C. J. Matthiessen, Monticello, for appellant.

Richard C. Turner, Atty. Gen., Dennis E. Jontz, Asst. Atty. Gen., and David Remley, Jones County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and UHLENHOPP, JJ.

UHLENHOPP, Justice.

■ This appeal involves a sentence imposed on a plea of guilty to a charge of escape under Code 1973, § 745.1:

> If any person committed to . . . the men's . . . reformatory shall . . . leave without due authority any . . . place whatsoever in which . . . he is allowed to be by the warden or any officer or employee of the prison whether inside or outside of the prison walls, he shall be deemed guilty of an escape from said . . . reformatory and shall be punished by imprisonment in said . . . reformatory for a term not to exceed five years, to commence from and after the expiration of the term of his previous sentence.

The indeterminate sentence statute does not apply to this crime. § 789.13.

Defendant Leonard John Stakenburg was serving a ten-year sentence in the Iowa reformatory for robbery. With the warden's permission, he and some other prisoners attended an athletic event outside the reformatory in the company of officers. During the event, defendant departed without authority from the officers. While at large, he committed the crime of kidnapping. He was convicted of that crime in a federal court and was sentenced to Fort Leavenworth penitentiary.

The county attorney of Jones County, Iowa, charged defendant with escape. After defendant demanded immediate trial on that charge, the county attorney obtained a writ of habeas corpus ad prosequendum and secured defendant's presence for trial.

Defendant appeared before the trial court on the escape charge, and the court appointed an attorney for him. After consulting with his attorney, defendant pleaded guilty. The trial court held a hearing, accepted the plea, and sentenced defendant to five years in the reformatory, to commence on expiration of the robbery sentence. Defendant appealed, assigning several errors. His basic complaint is that the sentence is too severe.

■ I. Defendant first asserts that the trial court may have seen him manacled in the custody of two federal marshals, causing the trial court to think he is a dangerous man and should receive the maximum sentence. But the record contains no support for the claim that the trial court did so see defendant. See State v. Lynch, 200 N.W.2d 896 (Iowa). We do not intimate that this assigned error would be valid if the record gave factual support to defendant's assertion.

II. Defendant next asserts that the trial court should not have admitted testimony about defendant's post-escape conviction of kidnapping. The record does not show the trial court did admit such testimony, but the court unquestionably knew about that matter. Defendant's attorney contended then, as he does now, that the trial court should not have considered that matter in connection with the sentence for escape.

■ Assuming the trial court considered the kidnapping conviction on the question of the appropriate sentence for the escape, we find no error. To pass sentence intelligently, a trial court needs full information about the accused, whether that information derives from events prior or subsequent to the crime presently charged. As stated in State v. DeRaad, 164 N.W.2d 108, 112–113 (Iowa):

> The trial court had the right, within the limits provided by this statute, to fix such punishment for the crime as it

thought defendant deserved. Unless there is error in the sentence by reason of failure to follow a specific statutory provision or there is abuse of discretion, we do not interfere with the sentence. . . .

"The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual. 24B C.J.S. Criminal Law, § 1980." State v. Cupples, supra [260 Iowa 1192, 1197, 152 N.W.2d 277, 280].

This court dealt with the problem of an offense committed after the one presently charged in the case of State v. Myers, 241 Iowa 670, 672, 42 N.W.2d 79, 80. At time of sentence, the prosecutor called the subsequent conviction to the sentencing court's attention. This court stated:

There is no question but that the trial court considered this violation in pronouncing the judgment that he did. The statute [§ 321.281], above quoted, places a discretion in the trial court as to the penalty to be imposed. In exercising that discretion it is not error for the court to ascertain any and all facts that will assist it in the proper exercise of that discretion, whether it be in or out of the record. State v. Meloney, 79 Iowa 413, 44 N.W. 693. In fact, under this record, the County Attorney would have been derelict in his duty, had he failed to bring the matter to the court's attention.

We hold that this assigned error is not meritorious.

■ III. Defendant asserts that the trial court abandoned its discretion regarding the proper punishment. This contention seems to be founded on the court's imposition of the maximum sentence. The proceedings disclose, however, that the court carefully inquired about the pertinent considerations and then determined that a sentence of five years was appropriate, as the statute authorizes. See State v. Small, 233 Iowa 1280, 11 N.W.2d 377. The proceedings do not show the court did not exercise discretion. They do show that after inquiring into the circumstances, the court was discouraged about the prospects for defendant's rehabilitation, but we cannot fault the court for that reaction.

We find no error here.

■ IV. Defendant contends that the sentence was unduly severe in view of the absence of violence attending the escape and defendant's voluntarily pleading guilty rather than standing trial. The trial court had all the facts before it, and we cannot say it abused its discretion in imposing the five-year sentence. "Where the sentence imposed does not exceed the statutory maximum, this court will not interfere unless an abuse of the trial court's discretion is shown." State v. Davis, 195 N.W.2d 677, 678 (Iowa).

■ V. Defendant urges that the trial court erred in failing to inform him of the mandatory minimum sentence. We do not have such a legal problem here, as the statute in question contains no mandatory minimum. See State v. Christensen, 201 N.W.2d 457 (Iowa).

■ VI. Finally, defendant argues that the trial court denied him his right of allocution. But the court inquired if any legal reason or cause existed why sentence should not be pronounced, and defendant's attorney answered in the negative. This was sufficient. State v. Rinehart, 255 Iowa 1132, 125 N.W.2d 242.

The sentence should stand.

Affirmed.