James **LOPEZ**, Plaintiff-Appellant,

v.

The **STATE** of **Iowa**,
Defendant-Appellee.

No. 2–66206.

Court of Appeals of Iowa.

Jan. 26, 1982.

Timothy I. Markel of Meldrum & Markel, Glenwood, for plaintiff-appellant.

Thomas J. Miller, Atty. Gen., and Roxann Ryan, Asst. Atty. Gen., for defendant-appellee.

Heard by OXBERGER, C. J., and DON-IELSON, SNELL, CARTER and JOHN-SON, JJ.

JOHNSON, Judge.

Defendant, James Lopez, appeals trial court's denial of his application for postconviction relief from his 1978 conviction of rape in violation of section 698.1, The Code 1977. He asserts: 1) trial court erred in sentencing him as a class B felon for violation of section 709.3(3), Supplement to the Code 1977, rather than section 709.4, Supplement to the Code 1977; 2) he was denied effective assistance of appellate counsel due to his attorney's failure to raise the sentencing issue on direct appeal; and 3) testimony of his co-defendant constitutes newly discovered evidence requiring vacation of his conviction. We affirm.

On August 13, 1977, defendant and Charles Slack were jointly charged by county attorney's information with rape in violation of section 698.1, The Code 1977. The

information filed made no reference to aiding and abetting, rather, it charged both defendant and Slack as perpetrators. The cases subsequently were severed and defendant's case was tried to a jury.

The prosecution's evidence at trial indicated that defendant and Slack picked up the victim as she was hitchhiking in Omaha on August 13, 1977, and they both raped her by force against her will in an interstate highway ditch. Defendant admitted intercourse, but denied that it was without consent. Slack did not testify at defendant's trial. The jury found defendant guilty of the crime of rape. Pursuant to section 801.-5, Supplement to the Code 1977, defendant elected to be sentenced under the new criminal code. Trial court determined that section 709.3 of the new code was the "applicable offense" and sentenced defendant as a class B felon to serve a term of imprisonment not to exceed 25 years.

This court affirmed defendant's conviction on January 25, 1979, however, the sentencing issue was not raised in the direct appeal. On September 9, 1979, defendant filed a pro se application for postconviction relief. Counsel thereafter was appointed and an amended application, asserting the issues raised herein, was filed. Trial court heard the matter on October 27, 1980, and Slack's testimony from his own trial was entered into evidence. Slack's testimony indicated that he did not directly aid and abet the alleged rape by defendant and that the sex acts were consensual. Trial court, however, denied postconviction relief on December 17, 1980. This appeal followed.

█ I. Scope of Review. Generally, our review of criminal proceedings is at law for correction of errors only, and not de novo. Iowa R.App.P. 4. However, on issues concerning violation of constitutional safeguards, this court is obliged to make an independent evaluation of the totality of the relevant circumstances shown by the record under which rulings on those constitutional rights were made. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975).

II. Sentencing. Defendant asserts that trial court erred in sentencing him as a class

B felon pursuant to section 709.3, Supplement to the Code 1977, because the element of aiding and abetting had not been submitted to the jury. We disagree.

We begin our analysis by examining Iowa law as it pertains to rape both prior to and after the criminal code revision which became effective January 1, 1978. Prior to January 1, 1978, rape was defined and punished pursuant to chapter 698, The Code 1977. This chapter provided in pertinent part:

> **698.1 Definition—Punishment.** If any person ravish and carnally know any female by force or against her will, . . . he shall be imprisoned in the penitentiary for life, or any term of years, not less than five, and the court may pronounce sentence for a lesser period than the maximum, the provisions of the indeterminate sentencing law to the contrary notwithstanding.

Chapter 709, Supplement to the Code 1977, amended chapter 698 to provide in pertinent part:

> **709.1 Sexual Abuse defined.** Any sex act between persons is sexual abuse by either of the participants when the act is performed with the other participant in any of the following circumstances:
>
> 1. Such act is done by force or against the will of the other. . . .
>
> \* \* \* \* \* \*
>
> **Section 709.3 Sexual Abuse in the Second Degree.** A person commits sexual abuse in the second degree when the person commits sexual abuse under any of the following circumstances:
>
> \* \* \* \* \* \*
>
> 3. The person is aided or abetted by one or more persons and the sex act is committed by force or against the will of the other participant.
>
> Sexual abuse in the second degree is a class "B" felony.
>
> **709.4 Sexual Abuse in the Third Degree.** Any sex act between persons who are not at the time cohabiting as husband and wife is sexual abuse in the third

degree by a person when the act is performed with the other participant in any of the following circumstances:

1. Such act is done by force or against the will of the other participant.

\* \* \* \* \* \*

Sexual abuse in the third degree is a class "C" felony.

Even a cursory examination of these statutes reveals important changes in the law by the legislative amendment. The former charging and sentencing provisions of the code defined rape very broadly and provided for trial court's determination of the sentence within the statutory maximum (life) and minimum (5 years). The subsequent amendment more narrowly defines sexual abuse in three degrees and provides for indeterminate sentencing in accordance with the severity and degree of the offense. Pursuant to section 801.5(2)(b)(2), upon defendant's request, trial court may impose a sentence under the provisions of the amended statute notwithstanding the fact that prosecution for an offense committed before the effective date of the amended statutes is governed by prior law. See § 801.5, Supplement to the Code 1977. In determining the correct sentencing provision under the new code, when an offender is convicted under a charging provision of the old code, trial court must impose a sentence under the provision of a section applicable "to the offense and the offender." § 801.5(2)(b)(2), Supplement to the Code 1977.

■ We believe trial court was correct in determining that section 709.3 was the applicable sentencing provision. When trial court is empowered to determine a sentence, that court, as well as this court, on review, must weigh and consider all pertinent matters in determining the proper sentence. *State v. Stakenburg,* 215 N.W.2d 265, 267 (Iowa 1974). Pertinent matters include the nature of the offense and the surrounding circumstances. *Id.* We thus conclude that, under the prior code, it was incumbent upon trial court to consider the severity of the offense, including a determination of whether a defendant was aided and abetted in perpetrating the act on the victim, when it determined the proper sentence. It therefore follows that, if such a factor was a proper consideration under chapter 698, it was a proper consideration in determining the section applicable "to the offense and the offender" under section 801.5(2)(b)(2). We believe the court below properly found "that the record is undisputed on the question of aiding and abetting, and that the trial court in sentencing properly found, as a matter of law, on this point...." We thus conclude trial court did not err in applying section 709.3, Supplement to the Code 1977.

III. Ineffective Assistance of Counsel. Defendant further claims that his appellant counsel was ineffective by failing to raise the issue of sentencing on direct appeal. We find no merit to this claim.

■ We note first that, generally, we will not consider allegations of ineffective assistance of counsel where the attorney whose effectiveness is being challenged has not had an opportunity to rebut the allegations of ineffectiveness. *State v. Williams,* 285 N.W.2d 248, 271 (Iowa 1979). However, in accordance with our policy of determining cases on their merits, we will address defendant's claim.

■ Defendant's right to have effective counsel is guaranteed by both the federal constitution and the state constitution; we, thus, make our own independent evaluation of the totality of the circumstances. *State v. Harrington,* 284 N.W.2d 244, 246 (Iowa 1979). The defendant who alleges ineffective assistance of counsel must establish that counsel provided representation that was not within the normal range of competency, and that defendant was substantially prejudice thereby. *State v. Rand,* 268 N.W.2d 642, 648 (Iowa 1978). Since we find no merit to defendant's claim that trial court erred in sentencing him as a class C rather than a class B felon, we likewise find no basis for defendant's ineffective assistance claim based on counsel's failure to raise the issue on direct appeal.

IV. New Trial. Defendant also argues that because of the subsequent trial, testi-

mony, and acquittal of co-defendant Charles Slack, there exists evidence of a material fact, not previously presented and heard, that requires vacation of his conviction and judgment and a new trial. We find defendant's argument unpersuasive on the record presented.

 An applicant in a postconviction proceeding has the burden of demonstrating that the evidence: 1) was discovered after judgment; 2) could not have been discovered earlier in the exercise of due diligence; 3) was material to the issue not merely impeaching or cumulative; and 4) would probably change the result if a new trial were granted. *State v. Sims*, 239 N.W.2d 550, 554 (Iowa 1976). Defendant has wholly failed to demonstrate that the evidence could not have been discovered earlier by due diligence. Further, the fact that a co-defendant to a rape charge, during criminal proceedings, professes noninvolvement does not persuade us that such testimony if entered in a new trial of this defendant would probably change the outcome of the case. We are mindful of the rule that "when a defendant is charged with aiding and abetting a judgment in a separate trial acquitting the actual perpetrator is neither res judicata nor a bar to the prosecution of defendant. A judgment against one, whether a conviction or acquittal, has no bearing on the other." *State v. Cunha*, 193 N.W.2d 106, 109 (Iowa 1971).

Finding no error by the postconviction court, we affirm defendant's conviction.

AFFIRMED.