**STATE of Iowa, Appellee,**

v.

**Chester MURPHY, Appellant.**

**No. 89–254.**

Court of Appeals of Iowa.

Sept. 26, 1990.

Raymond E. Rogers, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Julie A. Halligan, Asst. Atty. Gen., Thomas Mullin, Co. Atty., and Clinton L. Spurrier, Asst. Co. Atty., for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Thirty-six-year-old Chester Murphy joined a group of children at play. While engaged in "wrestling" with two thirteen-year-old girls, Murphy allegedly touched, fondled or bit the breast and genital areas of each girl.

Murphy was charged with two counts of indecent contact with a child, a violation of Iowa Code § 709.12. A jury found him guilty of those charges, and he has appealed from the resulting convictions and sentences.

Murphy challenges the sufficiency of the evidence to support the convictions. He asserts he was merely trying to tickle the girls during playful wrestling, and any contact with sexual areas was accidental. He argues the evidence fails to prove one of the elements of indecent contact with a child, namely he acted "for the purpose of arousing or satisfying the sexual desires" of either himself or the children.

Murphy contends the district court should have given the jury an instruction concerning a prior inconsistent statement by one of the thirteen-year-old girls (H.S.). The girl testified after escaping from Murphy herself she saw him "on top of" the other girl (M.H.). However, in an earlier deposition she had allegedly denied seeing anything happen to the other girl. The State argues, and the district court concluded, the differences between the deposition and the actual testimony were too slight to warrant an instruction.

In addition, Murphy contends the district court erred by admitting certain hearsay testimony. A third child present at the time of the offenses testified one of the victims called Murphy a "pervert" while wrestling with him. The State argues this evidence was admissible as an "excited utterance" and the evidence did not prejudice Murphy in any event.

Finally, Murphy contends he was denied his right of allocution during the sentencing hearing. The State acknowledges the sentencing hearing was "abbreviated" but argues the purpose of Iowa R.Crim.P. 22(3)(d) was adequately served. The State notes the court asked Murphy whether he knew of any reason why a sentence should not be pronounced, and Murphy responded "No."

Our review is on assigned errors of law. Iowa R.App.P. 4. Findings of facts are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We will address Murphy's arguments in the order presented.

■ First, Murphy argues the trial court should have given a jury instruction concerning prior inconsistent statements of one of the girls, H.S. The trial court did, in fact, give such an instruction concerning prior inconsistent statements of the other girl, M.H. The trial court denied the requested instruction as to H.S., finding "the differences in testimony, if any there were, were so slight and so immaterial that they did not merit an impeachment instruction ...." Upon reviewing the record, we agree with the trial court.

Both the State and Murphy cite *State v. Cuevas*, 282 N.W.2d 74 (Iowa 1979), in support of their opposing views. *Cuevas*, however, was reversed and remanded on another unrelated ground. It specifically does *not* reach the question of whether the trial court erred in refusing to give a prior inconsistent statement jury instruction, where the trial court gave the general jury instruction regarding witness credibility. *Id.* at 81–82.

In the present case, the trial court gave a prior inconsistent statement instruction for M.H. Her testimony was clearly inconsist-

ent and contradictory. Such an instruction was obviously required. However, the testimony of H.S. is not nearly as contradictory. In fact, the differences were slight and immaterial. The essence of H.S.'s testimony remained the same throughout. The differences are insufficient to require reversal for failure to give a prior inconsistent statement jury instruction. We affirm the trial court on this issue.

■ Second, Murphy complains the trial court erred in admitting certain hearsay evidence. Another witness, a young boy also involved with the wrestling, testified he heard one of the victims call Murphy a "pervert" during the course of the wrestling. The use of the epithet apparently coincided with the alleged inappropriate touching.

This court will affirm a trial ruling admitting hearsay on any permissible ground which appears in the record, whether or not it was urged below. *State v. McCowen*, 297 N.W.2d 226, 227 (Iowa 1980); *State v. Nowlin*, 244 N.W.2d 596, 600 (Iowa 1976). Hearsay is admissible as an excited utterance if the statement relates to a startling event or condition and was made while the declarant was under the stress of excitement created by that event or condition. *State v. Ogilvie*, 310 N.W.2d 192, 196 (Iowa 1981); Iowa R.Evid. 803(2). The trial court has discretion to decide if the hearsay comes within the "excited utterance exception." *Id.*

The testimony indicates M.H. called Murphy a "pervert" while she was wrestling with him. At this same time he made inappropriate sexual advances at her, especially considering their respective ages. He is thirty-six, she is thirteen. M.H. was under the stress or excitement caused by the inappropriate touching. Calling Murphy a "pervert" was an excited utterance. As such it is an exception to the rule against hearsay and is admissible. We affirm the trial court on this issue. Because of our holding, it is not necessary to address the issue of whether or not the admission of the epithet in evidence was prejudicial to Murphy.

■ Third, Murphy contends there is insufficient evidence for conviction beyond a reasonable doubt. He asserts the evidence was insufficient to prove intent to arouse or satisfy the sexual desires of the defendant. A jury verdict of guilty is binding on this court unless there is no substantial evidence in the record to support it, or such a finding is clearly against the weight of the evidence. *State v. Overstreet*, 243 N.W.2d 880, 884 (Iowa 1976). Substantial evidence means evidence which would convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *State v. Schertz*, 328 N.W.2d 320, 321 (Iowa 1982).

The jury verdict in this case is supported by the requisite substantial evidence. Several different witnesses testified to the events of that day, and the two victims testified to Murphy's indecent contact with them. Based on the evidence presented, the jury was entitled to find as it did. We affirm on this issue.

■ Finally, Murphy asserts he was denied his statutory right of allocution. However, both Murphy and his attorney were asked by the court if they knew of any reason why sentence should not be pronounced. Both replied in the negative.

The Iowa Supreme Court has already spoken on this matter. In a case analogous to this one, in a claim the sentencing court failed to allow the defendant his right of allocution, the supreme court stated: "the court inquired if any legal reason or cause existed why sentence should not be pronounced, and defendant's attorney answered in the negative. This is sufficient." *State v. Stakenburg*, 215 N.W.2d 265, 267 (Iowa 1974). *Stakenburg* is controlling.

Under the rules in effect at the time of *Stakenburg*, the defendant was to "be asked" concerning allocution. Iowa Code § 789.6 (1977). The present rule merely states the defendant or his counsel "shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." Iowa R.Crim.P. 22(3)(d).

In the present case, both Murphy and his attorney replied in the negative to the trial court's question. Further opportunity was allowed them if they wished to put more statements on the record. Neither saw fit to take advantage of this opportunity. We determine Murphy was allowed to express himself on the issue of punishment. As stated in *Stakenburg*, "This is sufficient." We affirm the trial court on this matter. AFFIRMED.