**STATE of Iowa, Plaintiff–Appellee,**

v.

**John Michael BOLSINGER, Defendant–Appellant.**

No. 06–0659.

Court of Appeals of Iowa.

Feb. 28, 2007.

Patricia Reynolds, Acting State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, William E. Davis, County Attorney, and Julie Walton, Assistant County Attorney, for appellee.

Considered by ZIMMER, P.J., and MILLER and BAKER, JJ.

ZIMMER, P.J.

John Bolsinger appeals following resentencing for his convictions on three counts of sexual exploitation by a counselor or therapist in violation of Iowa Code section 709.15(2) (2001) and three counts of sexual misconduct with a juvenile in violation of section 709.16(2). Bolsinger asserts the district court erred in restructuring his sentence for the purpose of elongating his term of incarceration. We affirm the district court.

Bolsinger was originally convicted of three counts of sexual abuse in the third degree in violation of section 709.4(1), as well as the three counts of sexual exploitation and the three counts of sexual misconduct noted above. He was sentenced to indeterminate terms of incarceration on each of the nine counts: ten years each on Counts I through III, the sexual abuse offenses; five years each on Counts IV through VI, the sexual exploitation offenses; and two years each on Counts VII through IX, the sexual misconduct offenses. The sentences were structured in such a way that Bolsinger received a total term of incarceration not to exceed thirty-seven years.[1]

Bolsinger appealed. The supreme court reversed Bolsinger's sexual abuse convictions and remanded for resentencing on

---

1. Count II was to run consecutively to Count I, and Count III was to run concurrently with Count II. Count IV was to run consecutively to Count II, Count V was to run consecutively to Count IV, and Count VI was to run consecutively to Count V. Count VII was to run consecutively to Count VI, Count VIII was to run concurrently with Count VI, and Count IX was to run concurrently with Count VII.

the sexual exploitation and sexual misconduct convictions only. *State v. Bolsinger*, 709 N.W.2d 560, 566 (Iowa 2006). Upon resentencing, the district court again imposed indeterminate five-year terms of incarceration on each of the three sexual exploitation convictions and indeterminate two-year terms of incarceration on each of the three sexual misconduct convictions. The sentences were structured in such a way that Bolsinger received a total term of incarceration not to exceed twenty-one years. Under the original sentencing order, Bolsinger's sentences for these six convictions were structured in such a way that he received a total term of incarceration not to exceed seventeen years. The four-year difference was due to the fact the district court had originally ordered two of the sentences for sexual misconduct to be served concurrently with other counts, but upon resentencing ordered that the sentences for all six convictions were to run consecutively.

■ Bolsinger appeals, asserting the harsher sentence is unconstitutional and void under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969),[2] and its progeny. Although we review the district court's sentencing decision for the correction of errors at law, *State v. Freeman*, 705 N.W.2d 286, 287 (Iowa 2005), to the extent Bolsinger presents constitutional issues our review is de novo, *State v. Mitchell*, 670 N.W.2d 416, 418 (Iowa 2003). Upon such review, we conclude Bolsinger's sentences are constitutionally valid.

■ Under *Pearce*, it is a "flagrant violation of the Fourteenth Amendment" for a state trial court to impose heavier sentences upon a reconvicted defendant as a punishment for having successfully attacked his original conviction on appeal. *Pearce*, 395 U.S. at 723–24, 89 S.Ct. at 2080, 23 L.Ed.2d at 668–69. Accordingly, a more severe sentence after retrial is allowed only if the record contains reasons for the harsher sentence based on "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. This rule has since been read to "[apply] a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *Wasman v. United States*, 468 U.S. 559, 565, 104 S.Ct. 3217, 3221, 82 L.Ed.2d 424, 430 (1984).

■ *Pearce's* holding has been limited by subsequent cases, however, which have found due process is not violated when the harsher sentence following a second trial was imposed by a different judge or jury, or where the same judge imposed a harsher sentence following trial than had been imposed following a now overturned guilty plea.[3] As summarized by our supreme court,

"[W]hen a different judge sentences a defendant after a retrial, and that judge articulates logical, nonvindictive reasons for the sentence, there simply is no sound basis to presume that the sen-

---

**2.** *Overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

**3.** *Alabama*, 490 U.S. at 795, 109 S.Ct. at 2203, 104 L.Ed.2d at 870 (trial following plea); *Texas v. McCullough*, 475 U.S. 134, 140, 143, 106 S.Ct. 976, 980–81, 89 L.Ed.2d 104, 112–14 (1986) (retrial before judge, first

trial before jury); *Chaffin v. Stynchcombe*, 412 U.S. 17, 27–28, 93 S.Ct. 1977, 1982–83, 36 L.Ed.2d 714, 724 (1973) (retrial before new jury); *Colten v. Kentucky*, 407 U.S. 104, 116, 92 S.Ct. 1953, 1960, 32 L.Ed.2d 584, 593–94 (1972) (de novo trial on review by higher court).

tence is the product of judicial vindictiveness." However, this does not mean that the examination of an increased sentence is toothless, for if a defendant is able to show actual vindictiveness on the part of the second judge, he or she may still prevail on a claim of judicial vindictiveness.

*Mitchell,* 670 N.W.2d at 424 (citations omitted).

Bolsinger points to the foregoing law and asserts that, because his sentences upon remand were imposed by the same judge who imposed his original sentences, and because the second proceeding did not involve any new fact findings, he is entitled to a presumption of vindictiveness. Although this matter involves resentencing on the remaining counts following reversal of some of the defendant's convictions, rather than sentencing following a second proceeding on the merits, we agree with those federal courts that have found *Pearce* applicable under the present circumstances. *See, e.g., U.S. v. Campbell,* 106 F.3d 64, 67 (5th Cir.1997). However, we cannot agree that, under the facts of this case, Bolsinger is entitled to a presumption of vindictiveness.

█ It is clear that imposition of a harsher sentence upon resentencing is the key to a *Pearce* vindictiveness claim. *See Pearce,* 395 U.S. at 723–24, 89 S.Ct. at 2080, 23 L.Ed.2d at 668–69. In considering whether a harsher sentence has been imposed under the circumstances present here, the majority of federal circuits follow what is known as the "aggregate package" approach. *Campbell,* 106 F.3d at 68. "Under this approach, courts compare the total original sentence to the total sentence after resentencing. If the new sentence is greater than the original sentence, the new sentence is considered more severe." *Id.* At least two circuits, however, have adopted the "remainder aggregate" or "count-by-count" approach. Under this approach, which appears to be the same approach advocated by Bolsinger,

> appellate courts compare the district court's aggregate sentence on the non-reversed counts after appeal with the original sentence imposed on those same counts before appeal. If the new sentence on the remaining counts exceeds the original sentence on those counts, the *Pearce* presumption attaches.

*Id.*

We have reviewed the reasoning behind both approaches. We conclude when, as here, the reversed convictions are related to the convictions subject to resentencing, the reasoning underlying the aggregate package approach is the more persuasive. Simply stated, this approach

> best reflects the realities faced by district court judges who sentence a defendant on related counts of an indictment. Sentencing is a fact-sensitive exercise that requires district court judges to consider a wide array of factors when putting together a "sentencing package." When an appellate court subsequently reverses a conviction (or convictions) that was part of the original sentence, the district court's job on remand is to reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and the criminal. The aggregate approach's inherent flexibility best comports with this important goal.

*Id.*

Employing the aggregate package approach leads us to conclude Bolsinger did not receive a harsher sentence upon remand. Following his original trial and convictions, Bolsinger was sentenced to a total term of incarceration not to exceed thirty-seven years. Upon remand, he was sentenced to a total term of incarceration

not to exceed twenty-one years, sixteen years less than his original total sentence.

Because a harsher sentence was not imposed upon remand, the *Pearce* vindictiveness presumption does not apply. In addition, although not expressly addressed by Bolsinger, we note the district court provided adequate reasons for the sentences imposed and the record does not indicate any actual vindictiveness on the part of the district court. *See Mitchell,* 670 N.W.2d at 425 ("Although we reserve the right to check the sentencing power of our district courts, we refuse to undermine that power in a case of this type absent the presentation of evidence that actual vindictiveness has already done so."). We accordingly affirm the district court's sentencing decision.

**AFFIRMED.**