# IN THE SUPREME COURT OF IOWA

No. 09–1125

Filed November 4, 2011

**STATE OF IOWA,**

Appellee,

vs.

**STEVIE DEWAYNE HARRINGTON,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Bruce B. Zager, Judge.

Defendant asserts his sentence on remand raises a presumption of judicial vindictiveness. **DECISION OF COURT OF APPEALS AFFIRMED AND JUDGMENT AND SENTENCE OF DISTRICT COURT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Elisabeth S. Reynoldson, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney for appellee.

**HECHT, Justice.**

When the defendant's case was remanded for resentencing on four drug-related convictions, the district court imposed two sentencing enhancements it had not imposed when the defendant was sentenced originally. The defendant contends the imposition of the sentencing enhancements was the result of judicial vindictiveness in violation of the rule established in *North Carolina v. Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). Because the defendant received a shorter overall sentence on resentencing for the four convictions, we conclude the presumption of judicial vindictiveness does not apply and affirm his sentences.

### I. Background Facts and Proceedings.

After police found drugs and weapons during searches of residences with which Stevie Harrington was associated in January and March of 2007, Harrington and his brother were charged with five drug-related offenses.[1] Harrington pled guilty to counts V and VI—charges stemming from the March search—possession of cocaine base with intent to deliver within 1000 feet of a public park and failure to affix a drug tax stamp. After a trial on counts I, II, and III, Harrington was convicted of all three of the other offenses—possession of cocaine base with intent to deliver while in immediate possession of a firearm and within 1000 feet of a public school, failure to affix a drug tax stamp, and unauthorized possession of an offensive weapon.

The district court sentenced Harrington to a total of forty years. His sentence included thirty years for count I, which included a mandatory sentence enhancement for being in the immediate possession

---

[1]Harrington's brother was a codefendant on several of the charges and was the sole defendant on count IV.

of a firearm, and ten years for count V to be served consecutively. Five-year sentences for each of counts II, III, and VI were to be served concurrently.

Harrington appealed, and the court of appeals concluded there was insufficient evidence to support the sentencing enhancement for immediate possession of a firearm in count I and the district court had relied on improper factors for imposing sentence. The case was remanded for resentencing.

On resentencing, the district court sentenced Harrington to a total of thirty years. The district court imposed consecutive fifteen-year sentences for counts I and V and concurrent five-year sentences for each of counts II, III, and VI. The sentences for counts I and V each included a discretionary five-year sentence enhancement because the offenses were committed within 1000 feet of a school or park—enhancements that the district court did not apply in Harrington's original sentence.

Harrington appealed contending that, although his overall sentence decreased, because the district court applied the sentencing enhancements on counts I and V, which had not been applied when he was originally sentenced, he is entitled to a presumption of judicial vindictiveness under *North Carolina v. Pearce*.[2] The court of appeals affirmed, and we granted his application for further review.

## II. Scope of Review.

Because Harrington alleges his sentence on remand was the result of judicial vindictiveness that violated his due process rights,[3] our review is de novo. *State v. Mitchell,* 670 N.W.2d 416, 418 (Iowa 2003).

---

[2]The companion case decided with *Pearce* was overruled on other grounds by *Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989).

[3]Harrington does not specify whether he is alleging a violation of his federal or state due process rights, or both. "When there are parallel constitutional provisions in

### III. Discussion.

Because the jury had found Harrington was in the immediate possession of a firearm while possessing cocaine base in count I, the district court tripled the ten-year sentence in the original sentence. *See* Iowa Code § 124.401(1)(*f*) (2007). The State also asked the court to impose the discretionary five-year sentence enhancements on counts I and V for committing the offense within 1000 feet of a park or school. *See id.* § 124.401A. When explaining the rationale for the sentences originally imposed, the district court noted that "one [of the offenses occurred] with the public school being nearby, the other one with a public park being nearby" but did not apply the enhancements for being within 1000 feet of a school or park.

Although Harrington acknowledges his overall sentence decreased, because the district court imposed the five-year public school/park enhancements when the case was remanded, Harrington argues he is entitled to a presumption of judicial vindictiveness as described in *Pearce.* He acknowledges that the court of appeals has concluded when a defendant's aggregate sentence after resentencing is less than his original sentence, the *Pearce* presumption of vindictiveness does not apply. *State v. Bolsinger,* 738 N.W.2d 643, 646 (Iowa Ct. App. 2007). He encourages us to overrule *Bolsinger.*

_____

the federal and state constitutions and a party does not indicate the specific constitutional basis, we regard both federal and state constitutional claims as preserved." *King v. State*, 797 N.W.2d 565, 571 (Iowa 2011). While Harrington has not advanced a standard for interpreting the due process clause under the Iowa Constitution differently from its federal constitutional counterpart, we will use the due process principles as outlined by the United States Supreme Court for addressing a due process challenge under the Iowa Constitution, but we do not necessarily apply those principles in the same way as the United States Supreme Court. *See State v. Bruegger*, 773 N.W.2d 862, 883 (Iowa 2009). We have considered Harrington's due process challenge under both the United States Constitution and the Iowa Constitution, and we reach the same result.

The State contends that because Harrington's combined new sentence is less than his former total sentence, the *Pearce* presumption is inapplicable and no due process violation occurred. The State relies on *Bolsinger*, as well as the decisions of a majority of the federal circuits and state courts that have addressed the issue, to support its position that the *Pearce* presumption of vindictiveness does not arise when a defendant's aggregate sentence after resentencing is less than his original aggregate sentence. This is a matter of first impression for this court.

The United States Supreme Court established in *Pearce* that due process concerns are implicated when a defendant receives a harsher sentence on remand after successfully appealing his conviction *because* he appealed his conviction. To ensure defendants are not "chilled" from exercising their rights to appeal, the Court created a prophylactic rule to safeguard against vindictiveness in sentencing.

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information occurring after the time of the original sentencing proceeding.

*Pearce*, 395 U.S. at 725–26, 89 S. Ct. at 2080–81, 23 L. Ed. 2d at 669–70 (footnote omitted). Thus *Pearce* established a presumption of judicial vindictiveness if a more severe sentence is imposed after a new trial, unless reasons for the harsher sentence appear in the record. The

holding in *Pearce* has been narrowed in subsequent decisions, clarifying that due process does not prohibit an increase in sentences upon retrial, but rather prohibits "increased sentences when that increase was motivated by vindictiveness on the part of the sentencing judge." *Texas v. McCullough,* 475 U.S. 134, 137, 106 S. Ct. 976, 978, 89 L. Ed. 2d 104, 110 (1986). Thus, the presumption does not apply in situations where there is not a reasonable likelihood of judicial vindictiveness, such as when a different judge or jury imposes the increased sentence or when the second sentence is imposed after a jury trial following an overturned guilty plea. *Id.* at 140, 106 S. Ct. at 979, 89 L. Ed. 2d at 111–12; *see also Alabama v. Smith*, 490 U.S. 794, 801, 109 S. Ct. 2201, 2205, 104 L. Ed. 2d 865, 873–74 (1989). However, the Supreme Court has not yet addressed when the presumption will be applied in a case like this one— where a defendant successfully appeals one or more of several convictions and receives a lower overall sentence on remand, but a greater sentence on an individual count.

Most courts that have considered the issue have applied what is called the "aggregate" approach. Under this approach, a defendant's aggregate sentence before resentencing is compared with his or her aggregate sentence after resentencing. If the new aggregate sentence is less than the original aggregate sentence, the *Pearce* presumption of vindictiveness does not apply. *United States v. Campbell*, 106 F.3d 64, 68 (5th Cir. 1997); *United States v. Sullivan*, 967 F.2d 370, 374 (10th Cir. 1992); *United States v. Mancari*, 914 F.2d 1014, 1020 (7th Cir. 1990); *Kelly v. Neubert*, 898 F.2d 15, 18 (3d Cir. 1990); *United States v. Pimienta-Redondo*, 874 F.2d 9, 15 (1st Cir. 1989); *United States v. Gray*, 852 F.2d 136, 138 (4th Cir. 1988); *United States v. Bay*, 820 F.2d 1511, 1514 (9th Cir. 1987); *People v. Savala,* 195 Cal. Rptr. 193, 197 (Ct. App.

1983), *overruled on other grounds by People v. Foley*, 216 Cal. Rptr. 865, 867 (Ct. App. 1985); *People v. Woellhaf,* 199 P.3d 27, 31–32 (Colo. App. 2007); *State v. Miranda,* 794 A.2d 506, 528 (Conn. 2002); *White v. State*, 576 A.2d 1322, 1329 (Del. 1990); *Adams v. State,* 696 S.E.2d 676, 680 (Ga. 2010); *Owens v. State*, 916 N.E.2d 913, 916–17 (Ind. Ct. App. 2009); *State v. Neville*, 572 So. 2d 1161, 1165–66 (La. Ct. App. 1990); *State v. Keefe*, 573 A.2d 20, 22 (Me. 1990); *State v. King,* 750 N.W.2d 674, 680–81 (Neb. 2008); *Commonwealth v. McHale*, 924 A.2d 664, 673 (Pa. Super. Ct. 2007), *overruled in part on other grounds by Commonwealth v. Robinson*, 931 A.2d 15, 21–22 (Pa. Super. Ct. 2007). Although a presumption of judicial vindictiveness may not arise, under this approach if the aggregate sentence on resentencing is not greater than the original sentence, the defendant can still offer proof that the court acted with actual vindictiveness.[4]

> The courts adopting the aggregate approach explain that it
>
> best reflects the realities faced by district court judges who sentence a defendant on related counts of an indictment. Sentencing is a fact-sensitive exercise that requires district court judges to consider a wide array of factors when putting together a "sentencing package." When an appellate court

---

[4]Two federal circuits have adopted a "remainder aggregate" approach which compares the total sentence on the nonreversed counts after appeal with the original sentence imposed on those counts. *United States v. Monaco,* 702 F.2d 860, 885 (11th Cir. 1983); *United States v. Markus,* 603 F.2d 409, 413 (2d Cir. 1979).

A minority of state courts have rejected the aggregate approach, instead applying some version of a pure "count-by-count" approach which compares the sentence on each individual count and applies the presumption if any one sentence is higher after appeal. *See People v. Sanders*, 827 N.E.2d 17, 22–23 (Ill. App. Ct. 2005) (using count-by-count approach when court imposed lower individual sentences but ordered them to run consecutively, resulting in a higher overall sentence, but concluding the new sentence was permissible); *Wilson v. State*, 170 P.3d 975, 981 (Nev. 2007) (concluding Nevada Constitution's Double Jeopardy Clause prohibited a court from increasing the defendant's sentence on counts which were affirmed on appeal); *State v. Abram*, 941 A.2d 576, 582 (N.H. 2008) (using count-by-count approach when previously concurrent sentences were made consecutive on resentencing and applying presumption of vindictiveness).

subsequently reverses a conviction (or convictions) that was part of the original sentence, the district court's job on remand is to reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and criminal. The aggregate approach's inherent flexibility best comports with this important goal.

*Campbell*, 106 F.3d at 68 (citation omitted).

Harrington argues that while the aggregate approach may be appropriate in the federal context, Iowa's sentencing law does not involve "sentencing packages." He argues Iowa district courts are required to impose sentence on each individual count and that each count and sentence is independent from the others. He particularly urges us to adopt the approach utilized by the Court of Appeals of New York which

decline[d] to adopt either the 'aggregate' or the 'count-by-count' approach as an intractable rule. . . . Thus, where a defendant receives a greater sentence on an individual count, but an equal or lesser over-all sentence, courts must examine the record to determine whether there is a reasonable likelihood that the enhanced sentence on the individual count was the result of vindictiveness.

*People v. Young,* 723 N.E.2d 58, 63 (N.Y. 1999).

While we agree Iowa's sentencing scheme is distinguishable from the intricacies of the federal sentencing guidelines system, we think it only realistic, and not necessarily undesirable to a defendant, that a district court may, as it imposes individual sentences on individual counts, consider each sentence part of an integrated whole.[5] Thus, although Iowa law does not require a district court to construct a "sentencing package" in the same way federal law does, we think the discretion and flexibility afforded district courts under our sentencing statutes allows for district courts to do just that.

---

[5]Consider, for example, how the district court in this case might have felt compelled to apply the discretionary park/school enhancements in the original sentence if it had known that it would not have the discretion to revise the sentence if remanded.

Further, we note that the *Pearce* presumption of vindictiveness was created as a prophylactic rule to ensure defendants were not unconstitutionally deterred from exercising their right to appeal. *Campbell*, 106 F.3d at 67. Applying the aggregate approach should not discourage defendants from appealing their convictions: Harrington has gained ten years by appealing his convictions.

We are persuaded of the soundness of the aggregate approach and adopt it. Accordingly, we conclude because Harrington's aggregate sentence after resentencing is less than his original aggregate sentence, no presumption of vindictiveness arises. Harrington does not argue that the record demonstrates actual judicial vindictiveness. We affirm the decision of the court of appeals and the judgment and sentence of the district court.

**DECISION OF COURT OF APPEALS AFFIRMED AND JUDGMENT AND SENTENCE OF DISTRICT COURT AFFIRMED.**

Waterman, J., concurs in result only, Mansfield and Zager, JJ., take no part.