# IN THE COURT OF APPEALS OF IOWA

No. 13-1103
Filed July 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHAUNTA HOPKINS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.


A defendant challenges her resentencing for several drug convictions.

**AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Brianna Shriver, Student Legal Intern, John Sarcone, County Attorney, and Stephanie Cox, Assistant County Attorney, for appellee.


Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

The questions in this appeal are whether the district court abused its discretion in resentencing Shaunta Hopkins for several drug convictions and whether Hopkins's counsel rendered ineffective assistance. First, Hopkins contends the court abused its discretion by relying too much on the nature of the offenses and by failing to consider other applicable sentencing factors, particularly her efforts at rehabilitation. Second, Hopkins claims counsel was remiss in failing to object to the use of an outdated presentence investigation (PSI) report. Given the substantial deference we accord sentencing decisions, we conclude the district court did not abuse its discretion. We reject the claim of ineffective assistance because Hopkins does not show counsel failed to perform an essential duty resulting in prejudice.

## I.     Background Facts and Proceedings

On the morning of May 4, 2011, police officers executed a search warrant at Hopkins's home in Des Moines. The search revealed individually packaged one-gram units of crack cocaine throughout the house, crack cocaine between the mattresses of her bed, plastic baggies in the living room, a red notebook listing Hopkins's name among other individuals, several cell phones, cell phone photographs of Hopkins holding cash and a gun, two scales, $2025 in cash, and fifty-one pills that Hopkins claimed to be the controlled substance known as ecstasy. Testing later determined they were actually caffeine pills. During this search, Hopkins admitted she sold crack cocaine and also admitted she had accompanied her boyfriend, Kiko Simmons, on about four occasions while he

sold drugs. When the officers searched other homes in Des Moines, they discovered drugs and drug-related items, as well as cell phones with Hopkins as a contact.

On May 27, 2011, the State charged Hopkins with conspiracy to deliver crack cocaine, possession of crack cocaine with intent to deliver, failure to possess a tax stamp for crack cocaine, conspiracy to deliver a simulated controlled substance, and possession of a simulated controlled substance with intent to deliver. *See* Iowa Code §§ 124.401(1)(b)(3), 124.401(1)(c)(3), 124.401(1)(c)(8), 124.401(5), 453B.3, 453B.12 (2011). Following a trial in October 2011, a jury found Hopkins guilty on all charges.

The court ordered a PSI report. The December 12, 2011 report indicated, among other things, Hopkins was twenty-three years old, she dropped out of high school while in eleventh grade after having been suspended twice, she had a pattern of negative peer relationships, she used drugs and alcohol and did not perceive her use as problematic or as calling for treatment intervention, she had no prior criminal history, and she had little employment history. The PSI report recommended Hopkins receive the maximum-authorized prison sentence and be required to participate in any treatment or programming recommended by her correctional treatment team.

On December 19, 2011, the court sentenced Hopkins to indeterminate, concurrent prison terms of twenty-five years (conspiracy to deliver a controlled substance), ten years (possession of a controlled substance with intent to deliver), five years (failure to possess a tax stamp), ten years (conspiracy to

deliver a simulated controlled substance), five years (possession of a simulated controlled substance with intent to deliver), and six months (possession of a controlled substance). Hopkins appealed. On November 15, 2012, this court ruled the evidence was insufficient to support her conviction for conspiracy to deliver a simulated controlled substance and affirmed her other convictions. *State v. Hopkins*, No. 11-2083, 2012 WL 5537213 (Iowa Ct. App. Nov. 15, 2012). We remanded to the district court for dismissal of the conviction and resentencing. *See id.*

Before resentencing, Hopkins earned her high school diploma, gained employment at the prison kitchen and laundry room, received numerous class certificates, and became involved in a treatment program. While this information was not included in an updated PSI, it was provided to the district court by Hopkins's attorney. On June 26, 2013, the court resentenced Hopkins and cited both the PSI report and Hopkins's subsequent successes. The court dismissed the conspiracy to deliver a simulated controlled substance conviction, and due largely to the severity of the remaining crimes, the court ordered Hopkins to serve an otherwise identical sentence. Hopkins again appeals and asks us to reverse and remand with directions to the Department of Corrections to create an updated PSI. She also seeks to be resentenced by a different judge.

## II. Standard of Review

We review sentencing issues for the correction of legal error. *State v. Morris*, 416 N.W.2d 688, 689 (Iowa 1987). If a sentence is within the statutory limits, we review it for an abuse of discretion. *State v. Neary*, 470 N.W.2d 27, 29

(Iowa 1991). Abuses of discretion occur "when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

Because claims of ineffective assistance of counsel are constitutional challenges, we review de novo. *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). De novo review requires "independent evaluation based on the totality of the circumstances as shown by the entire record." *State v. Howard*, 509 N.W.2d 764, 767 (Iowa 1993).

While claims of ineffective assistance of counsel are normally preserved for postconviction-relief proceedings to allow for an adequate record of the claims to be developed and to allow the attorney an opportunity to respond to the claims, *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002), we may resolve a claim on direct appeal if the record is adequate. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). We see no reason to delay the resolution of the PSI issue in this case.

## III.    Discussion

### A. District Court Abuse of Discretion

We first consider whether the district court's conduct in resentencing Hopkins amounted to an abuse of discretion. Hopkins contends the court failed to consider all requisite factors—particularly those arising after the initial sentencing—and the court instead relied too heavily on the nature of the crimes.

The nature of an offense is a proper sentencing factor, but no single factor can be "solely determinative." *State v. McKeever*, 276 N.W.2d 385, 387 (Iowa

1979). As Hopkins contends, the district court concentrated on the nature of the crimes in making its sentencing decision. Importantly, this was not the only factor the court considered.

Citing *State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002), Hopkins stresses the district court erred in not considering her age, character, propensity to commit other crimes, chances of reform, and past convictions, as well as the goal of rehabilitation. In *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) we ruled, while sentencing courts have a duty to consider all circumstances in a particular case, it is not necessary to "specifically acknowledge each claim of mitigation urged by the defendant." Additionally, in addressing the PSI during Hopkins's resentencing, the district court in fact did consider Hopkins's age and character, her prior record of convictions, her employment status, and family circumstances—all analyzed in the context of the societal goal of protecting the community from further offenses.

In addressing the PSI, the court cited Hopkins's "virtually nonexistent" criminal history and applauded her recent good decisions despite her past educational failings. The court further noted Hopkins had "done well in her current structured environment"—before it finally returned to the severity and multiplicity of the drug crimes she committed. Addressing such factors, albeit briefly, is sufficient for us to conclude the district court did not rely solely on one factor.

Courts must weigh pertinent matters in determining a proper sentence. *State v. Stakenburg*, 215 N.W.2d 265, 267 (Iowa 1974). And inherent in that

weighing process, the court has the discretion to vary the importance placed upon each relevant factor as demanded by the facts of each case. *See id.* A court treating one factor as more important than another factor is not an abuse of discretion so long as the court considers multiple factors. *See McKeever*, 276 N.W.2d at 387. As such, the district court did not abuse its discretion in resentencing Hopkins because the court considered multiple factors.

Hopkins equates the facts at hand to *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011), where the Supreme Court ruled a district court may consider the defendant's post-sentencing rehabilitation during resentencing and stated such evidence may, when appropriate, support a downward variance from the federal sentencing guidelines. Like the appellant in *Pepper*, Hopkins unquestionably made positive changes in her life, as detailed above, during the eighteen months between the initial PSI and her resentencing. *See Pepper*, 131 S. Ct. at 1241. But, we are not convinced the holding in *Pepper* supports Hopkins's challenge to her resentencing. *Id.* Notably, federal sentencing guidelines are not directly controlling in state sentencing issues. *See State v. Harrington*, 805 N.W.2d 391, 395 (Iowa 2011). Furthermore, the district court here specifically addressed Hopkins's educational and other achievements at the resentencing hearing. Finally, the Supreme Court in *Pepper* did not *require* downward sentencing adjustments for life improvements—the Court merely *allowed* them to be considered in mitigation. *Peppers*, 131 S. Ct. at 1241. The Court stated "such evidence *may*, when appropriate, support a downward variance," and did not use the words "must" or "shall." *Id.* at 1241 (emphasis

added).   Regardless of the weight it accorded Hopkins's improvements, the district court was not obligated to automatically decrease her sentence because of the improvements.   As such, the court did not abuse its discretion in rendering a sentence identical to the first sentence imposed.

### B. Ineffective Assistance of Counsel

Hopkins also contends her counsel was ineffective by failing to object to the court's reliance upon the outdated PSI.   The burden of proof in claims asserting ineffective assistance of counsel falls upon the defendant, thus requiring Hopkins to establish the claim by a preponderance of the evidence. *See Kellogg v. State*, 288 N.W.2d 561, 563 (Iowa 1980).   Hopkins must overcome the presumption that counsel is competent.  *See Sims v. State*, 295 N.W.2d 420, 423 (Iowa 1980).  Hopkins must prove (1) counsel "failed to perform an essential duty" and (2) when the claim rests upon a specific act or omission of counsel at trial, "prejudice resulted therefrom."  *See Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981).

We conclude Hopkins has failed to satisfy either of the required elements. To prove the first prong—counsel's failure to perform an essential duty—Hopkins must prove counsel's assistance was not "reasonable considering all the circumstances."  *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Hopkins contends her counsel's failure to object to the court's consideration of an outdated PSI meets this standard because she had made various improvements to her life in the eighteen months between the filing of the original PSI and the time of resentencing.   While the PSI was not updated to reflect such changes

and while the existing PSI was used by the district court, those facts alone are not enough for us to deem counsel's conduct unreasonable.

The Supreme Court has been very clear about the high level of deference afforded to counsel, stressing any challenges to counsel's representation are to be resolved by courts with an emphasis on understanding the challenged conduct from counsel's perspective and eliminating biases of reviewing-court hindsight. *Id.* at 689. Put another way, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

Here, Hopkins's counsel brought the updated information to the court's attention. Not only did counsel inform the district court of Hopkins's high school diploma, employment, class certificates, entrance into a treatment program, family support, professional skills, peer group changes, and lack of prior criminal history, the court acknowledged such changes before issuing its sentence. Thus, we reject Hopkins's claim counsel's conduct fell outside the range of professionally competent assistance. Counsel likely realized there was no certainty an updated PSI would have benefited, and not harmed, Hopkins. If, for instance, the PSI author considered the new information and offered the same sentencing recommendation, the impact of the updated information would be lessened. By presenting the information directly to the court, counsel exercised appropriate discretion. While counsel could have chosen to approach the matter differently, choosing to inform the court of the updated information at the

resentencing hearing rather than seeking an updated PSI was an exercise of reasonable professional judgment.

Second, even if we *assume* Hopkins's counsel breached an essential duty, the record does not show prejudice resulted. To establish prejudice, Hopkins must prove a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. The question here is whether a reasonable likelihood existed that had counsel objected to use of the outdated PSI, the court would have delayed resentencing, ordered an updated PSI, and that subsequent reliance on an updated PSI would have resulted in a more lenient sentence. We conclude Hopkins has not shown the reasonable likelihood of such a result.

The district court specifically addressed various factors Hopkins contends her counsel failed to ensure were included in an updated PSI. Most notably, the court stated Hopkins "apparently is making good decisions in her structured environment at this point in time, which I applaud." Similarly, the court stated "even though she's done well in her current structured environment, these are very serious offenses, the nature of the offenses themselves and the multiplicity of them." Both comments show the court considered Hopkins's life improvements as relevant factors in deciding her new sentence and, despite not reading the factors in a current PSI, was fully aware of them. More specifically, the court addressed Hopkins's "previous educational situation," also suggesting it was privy to the fact it had subsequently changed.

We see no reason to believe the outcome would have been different if the information had been offered in an updated PSI when the information was nevertheless known to the court before resentencing. Speculative conclusions are not enough to find prejudice resulting from counsel's failure to perform an essential duty—there must be "reasonable probability." *Id.* Hopkins herself contends "a less restrictive sentence would have been entirely possible" if the court had considered an updated PSI. But, mere possibility of a result is not enough. Hopkins is unable to satisfy the prejudice prong.

The Sixth and Fourteenth Amendments—from which claims regarding the effectiveness of counsel arise—grant individuals not only the right to counsel, but also the right to the effective assistance of counsel. *Id.* at 684–86. Such effective assistance ensures a fair, adversarial trial in which evidence is presented to an impartial tribunal. *Id.* at 685. In this case, the relevant information was presented to the district court and the court considered it before resentencing. Because the district court imposed its sentence after its consideration of numerous relevant factors—many of which were at issue in Hopkins's complaint—counsel did not render ineffective assistance by failing to object to the court's reliance on an outdated PSI. As such, we affirm.

**AFFIRMED.**