**STATE of Iowa, Appellee,**

v.

**Gregory Earl JONES, Appellant.**

**No. 64013.**

Supreme Court of Iowa.

Nov. 12, 1980.

Alfredo S. Parrish of Parrish & Del Gallo, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and W. Edward Anstey, Appanoose County Atty., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

McGIVERIN, Justice.

Defendant Gregory Earl Jones was sentenced, following his plea of guilty to first–degree robbery in violation of section 711.2, The Code 1979, to a twenty–five–year pris-

on term. The sentence was to commence at the expiration of a fifty–one–year sentence he was serving when he committed the robbery. Jones appeals, contending (1) the trial court was not required by section 901.8, The Code 1979, to impose a consecutive sentence for a crime committed while defendant was an escapee from the penitentiary, and (2) the consecutive sentence imposed by the court was cruel and unusual punishment. We affirm.

Defendant was charged with robbery in the first degree and attempted murder in connection with a holdup and shooting by defendant of the attendant at a gas station in Centerville on May 17, 1979. At the time of the alleged crimes, defendant was an escapee from the Iowa State Penitentiary at Ft. Madison where he was serving a fifty–year sentence for second–degree murder and a consecutive one–year sentence for escape. Defendant pleaded guilty to the robbery charge in exchange for the county attorney dropping the attempted murder charge. He was sentenced on September 14 to a twenty–five–year sentence, sections 711.2, 902.7, .9(1), to be served at the expiration of his existing sentences. § 901.8.

I. *Did section 901.8 require imposition of a consecutive sentence?* Defendant says that section 901.8 did not require the court to impose a consecutive sentence on him. "A consecutive sentence is added to defendant's present sentence, whereas a concurrent sentence is served at the same time as an existing sentence." *State v. Smith*, 291 N.W.2d 25, 28–29 (Iowa 1980).

Section 901.8 provides:

*Consecutive sentences.* If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence. If a person is sentenced for escape under section 719.4 or *for a crime committed while confined in a detention facility or penal institution, the sentencing judge shall order the sentence to begin at the expiration of any existing sentence.* If consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment.

(emphasis added)

The record is not clear whether the court concluded it was required by the second sentence of section 901.8 to impose a consecutive sentence on defendant, see *State v. Smith*, 291 N.W.2d at 26, or whether the court exercised its discretionary power under the first sentence of section 901.8, which reflects the common law. *State v. Buck*, 275 N.W.2d 194, 196 (Iowa 1979). In any event, we conclude that the trial court was required to impose a consecutive sentence.

Defendant argues that the second sentence of section 901.8 does not apply to his factual situation. He points to the words that require a consecutive sentence "for a crime committed while *confined* in a detention facility or penal institution." (emphasis added) Because he was at liberty as an escapee at the time of the robbery, defendant says he was not "confined" under the second sentence of section 901.8. He further argues that the second sentence of the statute only applies to crimes against persons and property committed within the prison walls.

 We hold the word "confined" in section 901.8 means "committed" and therefore the second sentence of that statute mandated that a consecutive sentence be imposed on defendant.

 We base the above conclusions on several principles of statutory construction. The legislature "is presumed to know the usual meaning ascribed by the courts to language and to intend that meaning unless the context shows otherwise." *State v. Wilson*, 287 N.W.2d 587, 589 (Iowa 1980). The legislature is presumed to know the state of the law, including case law, at the time it enacts a statute. *State v. Fluhr*, 287 N.W.2d 857, 862 (Iowa 1980).

At the time the legislature enacted section 901.8, 1978 Session, 67th G. A., ch. 1091, § 4, this court in *State v. Eads*, 234 N.W.2d 108, 113 (Iowa 1975), had defined the phrase "*confined* in any jail" under the applicable

escape statute, section 745.8, The Code 1973, to mean *"committed* to jail." Therefore, at the time of the enactment of section 901.8 in 1978, the legislature could be presumed to know we had held the word "confined" to mean "committed" in the context of establishing the elements of escape from prisons or detention facilities. Nothing in section 901.8 suggests that the legislature intended to give the word "confined" in that section any meaning other than that given in *Eads.*

At the time of the robbery, Jones was committed to the penitentiary and was an escapee. Under the *Eads* definition, since Jones was "committed" to the penitentiary at the time of the robbery, he was "confined" to the penitentiary for the purposes of section 901.8 when he perpetrated the robbery.

■ There also are several policy reasons that support our interpretation of the legislative intent on the meaning of "confined" in section 901.8. The state has an interest in preserving order and discipline within its penal institutions as well as in preventing crime both inside and outside prisons. Those interests justify the imposition of consecutive sentences for a crime committed by an inmate within the penal institution. It cannot be conducive to either prison order and discipline or the prevention of crime to provide that inmates who commit crimes while *escaped* may receive concurrent sentences while inmates who commit crimes within the institution must receive consecutive sentences. *See Loras College v. Iowa Civil Rights Commission,* 285 N.W.2d 143, 147 (Iowa 1979) ("In considering legislative enactments we should avoid strained, impractical or absurd results."). We believe the consecutive sentencing provisions of the second sentence of section 901.8 are intended to impose a penalty of increased imprisonment upon offenders who perpetrate crimes while committed to penal institutions or detention facilities. *Cf. Bernklau v. Bennett,* 162 N.W.2d 432, 436 (Iowa 1968) (purpose of consecutive sentence for escape is to ensure that defendant serves time in addition to sentence being served at time of

escape). Consecutive sentences may be imposed to deter and punish incorrigible inmates. Since committed inmates are already under sentences of imprisonment, concurrent sentences for crimes committed after an inmate has escaped would have little or no deterrent effect. The same constraints that apply to an inmate *within* the prison walls who commits a crime should apply to an inmate who escapes and commits a crime.

We believe the construction we have given to the portion of section 901.8 in question is compatible with the meaning and consequences intended by the legislature. §§ 4.4(3), .6(1), and (5), The Code.

There is no merit to defendant's first assignment.

II. *Was the consecutive sentence cruel and unusual punishment?* Defendant contends that since he was already serving sentences totaling fifty–one years, the imposition of a consecutive twenty–five–year sentence for robbery constituted cruel and unusual punishment in violation of U.S. Const. Amends. VIII, XIV.

■■ The state is prohibited from inflicting cruel and unusual punishment upon a criminal defendant. *See State v. Robbins,* 257 N.W.2d 63, 68 (Iowa 1977). There are two tests for determining if cruel and unusual punishment is being imposed upon a defendant. Punishment is cruel and unusual if (1) it inflicts torture or is otherwise barbaric, or (2) it is excessively severe so that it is disproportionate to the offense charged. *Id.* To the same effect, see *State v. Kyle,* 271 N.W.2d 689, 693 (Iowa 1978).

The United States Supreme Court has primarily considered the issue of cruel and unusual punishment in relation to the imposition of the death penalty, *e. g., Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980); *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). The Supreme Court has less frequently considered claims that sentences are unconstitutional because disproportionate to the offense.

The Court has most recently considered this issue in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Rummel claimed that a legislatively mandated life sentence for his third felony conviction was cruel and unusual punishment. *Rummel* has direct application to the present case.

In *Rummel* the Court distinguished between sentences of imprisonment alone and sentences of death, noting that "successful challenges to the proportionality of particular sentences have been exceedingly rare." The Court said that it could objectively distinguish between death sentences and sentences of imprisonment for purposes of eighth amendment analysis because a death sentence is the irrevocable ultimate sanction. *Id.* at 270–73, 100 S.Ct. at 1138–39, 63 L.Ed.2d at 389–91. However, the Court said that it could not objectively distinguish between sentences of differing lengths of imprisonment alone because these decisions were for the state legislatures to make. *Id.* at 273–77, 100 S.Ct. at 1139–41, 1144, 63 L.Ed.2d at 390–91, 395–96. The Court was reluctant to review the legislative decision on the length of Rummel's sentence. The Court found that his sentence did not constitute cruel and unusual punishment and was, therefore, not constitutionally prohibited, *id.* at 273–77, 100 S.Ct. at 1139-41, 1143, 63 L.Ed.2d at 390–91, 395- 96, because it could not make the judgment that Rummel's sentence was disproportionately severe. *Id.* at 273–77, 100 S.Ct. 1133, 1139 41, 1143, 63 L.Ed.2d 382, 390–91, 395–96.

Under *Rummel*, it is ordinarily for the legislature to make the policy decision, absent an ex post facto effect on defendant as in *State v. Smith*, 291 N.W.2d at 28–29, on the circumstances under which consecutive sentences may be imposed. *Cf. State v. Horn*, 282 N.W.2d 717, 732 (Iowa 1979) (mandatory sentence of life imprisonment for first–degree murder does not constitute cruel and unusual punishment); *State v. Holmes*, 276 N.W.2d 823, 828–29 (Iowa 1979) (imposition of mandatory minimum sentence does not inflict cruel and unusual punishment). Jones' sentence is not dispro-portionately severe so as to make it cruel and unusual punishment under the eighth amendment.

We hold the trial court was required to impose a consecutive sentence on defendant, and the sentence was not cruel and unusual punishment.

AFFIRMED.