STATE of Iowa, Appellee,

v.

Casey J. KNIPE, Sr., Appellant.

No. 83–1166.

Supreme Court of Iowa.

June 13, 1984.

Charles L. Harrington, Appellate Defender, and LuAnn White, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Kate Romjue and Drew Kouris, Asst. County Attys., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN, and CARTER, JJ.

McGIVERIN, Justice.

Defendant Casey J. Knipe, Sr., appeals the consecutive sentence imposed upon his guilty-plea conviction of first-degree robbery in violation of Iowa Code sections 711.1 and 711.2 (1983). Defendant was on furlough from a state corrections work-camp when he committed the robbery. The trial court ordered the indeterminate twenty-five year sentence for the robbery, a class "B" felony, section 902.9(1), to run consecutively to the prison sentence defendant was then serving for another felony. Defendant contends the trial court erred in concluding that section 901.8 mandated imposition of a consecutive sentence under the circumstances of this case, and that the court therefore failed to exercise its sentencing discretion in imposing the consecutive sentence. We find no reversible error and affirm.

Iowa Code section 901.8 provides in part:

*Consecutive sentences.* If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence. If a person is sentenced for escape under section 719.4 or for a *crime committed while confined in a detention facility or penal institution,* the sentencing judge *shall* order the sentence to begin at the expiration of any existing sentence.

(Emphasis added.)

Thus, the controlling issue in this case is whether a crime committed while on furlough from a state corrections workcamp is a "crime committed while confined in a detention facility or penal institution" for the purposes of Iowa Code section 901.8.

In *State v. Jones,* 298 N.W.2d 296, 298–99 (Iowa 1980), we considered several principles of statutory construction and the legislative intent embodied in section 901.8. *Jones* involved a defendant who committed another felony while he was an escapee from the state penitentiary. We there held that the word "confined" in section 901.8 means "committed." *Id.* at 298. Therefore, if Knipe was "committed" to a "de-

tention facility or penal institution" at the time of the robbery, he was "confined" for the purposes of section 901.8 and the consecutive sentence would be mandatory.

■ The record shows that on October 15, 1979, defendant was sentenced for a prior felony to a term not to exceed twenty-five years incarceration at the Iowa State Men's Reformatory at Anamosa. The men's reformatory, under the control of the Iowa Department of Corrections, is unquestionably a "detention facility or penal institution" for purposes of section 901.8. *See* Iowa Code § 217A.2(2) (Supp.1983) (enacted by 1983 Iowa Acts ch. 96, § 3).

On June 24, 1982, defendant was transferred and committed to the Luster Heights conservation commission camp at Harper's Ferry, Iowa. The camp is administered by the men's reformatory at Anamosa and is classified as a minimum security facility. 291 Iowa Admin.Code § 1.6(1)(b)(1).

■ We conclude that the legislature intended the words "detention facility or penal institution" in Iowa Code section 901.8 to mean and include at a minimum the institutions enumerated in Iowa Code section 217A.2 (Supp.1983) (formerly listed in Iowa Code § 218.1 (1983)). Therefore, the Luster Heights work camp, operated as a satellite of the men's reformatory, must be considered a "detention facility or penal institution" within the context of the phrase as used in section 901.8. *See* Iowa Code § 217A.2(9)–(10) (Supp.1983).

■ On September 3, 1982, defendant was released on furlough to travel to Council Bluffs. He was to return to the work camp on September 6. However, he did not and on September 7 in Council Bluffs defendant committed the first-degree robbery to which he pled guilty. A "furlough" is an "authorized *temporary release from confinement* in a correctional institution which is conditioned upon compliance with its terms." *State v. Burtlow,* 299 N.W.2d 665, 669 (Iowa 1980) (emphasis added). *See* 291 Iowa Admin.Code § 20.12. We note, however, that an inmate on fur-

lough is still "committed" to the institution even though he is not physically confined because the inmate is still subject to the rules and regulations of the institution. 291 Iowa Admin.Code § 20.12. *Cf. Jones,* 298 N.W.2d at 298–99 (escaped inmate remained committed to penitentiary).

The policy reasons that support finding an escaped inmate to be "committed" or "confined" to a penitentiary for the purposes of section 901.8 apply equally to an inmate out on furlough.

> The state has an interest in preserving order and discipline within its penal institutions as well as in preventing crime both inside and outside prisons. Those interests justify the imposition of consecutive sentences for a crime committed by an inmate within the penal institution. It cannot be conducive to either prison order and discipline or the prevention of crime to provide that inmates who commit crimes while *escaped* may receive concurrent sentences while inmates who commit crimes within the institution must receive consecutive sentences. We believe the consecutive sentencing provisions of the second sentence of section 901.8 are intended to impose a penalty of increased imprisonment upon offenders who perpetrate crimes while *committed* to penal institutions or detention facilities. Consecutive sentences may be imposed to deter and punish incorrigible inmates. Since *committed* inmates are already under sentences of imprisonment, concurrent sentences for crimes committed after an inmate has escaped would have little or no deterrent effect. The same constraints that apply to an inmate *within* the prison walls who commits a crime should apply to an inmate who escapes and commits a crime.

*Jones,* 298 N.W.2d at 299 (italicized emphasis in original) (underlined emphasis added) (citations omitted).

These policy reasons apply equally to an inmate out on furlough because an escaped inmate and an inmate out on furlough are both equally "committed" to the institution—both are subject to the rules and regulations of the institution. The only difference, which is not distinguishable for purposes of these policy reasons, is that an inmate out on furlough has received the privilege of authorized permission to leave the institution whereas the escaped inmate has not.

We therefore hold that a crime committed while on furlough from a state corrections workcamp is a "crime committed while confined in a detention facility or penal institution." Iowa Code section 901.8 *requires* the sentence for such a crime to be served consecutively to the existing sentence. The trial court properly interpreted section 901.8 and ordered defendant's sentence to be served consecutively to his existing sentence. The case is affirmed.

AFFIRMED.