# IN THE COURT OF APPEALS OF IOWA

No. 13-1105
Filed July 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK LEE JACKSON,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.


        Mark Lee Jackson appeals his sentence and convictions for eluding and interference with official acts inflicting bodily injury.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Martha Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and Thomas Desio, Assistant County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Mark Lee Jackson appeals his sentence and convictions for eluding and interference with official acts inflicting bodily injury. Jackson claims his trial counsel was ineffective by allowing him to plead guilty to a charge for which there was no factual basis. He also claims the district court erred in requiring his present sentences be served consecutively to a prior sentence for which he was on work release. Finally, he contends the district court abused its discretion by failing to order a sentence similar to the original sentence in the case. We find Jackson's trial counsel did not perform ineffectively because there was a factual basis for the plea. We also find Jackson's work release was confinement to a penal institution within the meaning of Iowa Code section 901.8 (2013) requiring imposition of consecutive sentences. Finally, we find the trial court did not abuse its discretion as the sentence was required by law. We affirm.

## I.      Background Facts and Proceedings

Mark Jackson was arrested on March 26, 2013, when a Polk County deputy observed Jackson's vehicle leaving an address associated with drug activity. The vehicle also had a defective license plate lamp. When the deputy attempted to stop the vehicle, Jackson accelerated to speeds in excess of sixty miles per hour in a residential neighborhood. He eventually left the roadway, jumped a snow bank, lost control, and spun the vehicle around so he was facing the squad car. The deputy used the squad car to block Jackson's vehicle into place.

Jackson exited the vehicle and began to flee on foot. He was stopped when he ran into a barb wire fence and some bushes. Two deputies pulled him from the bushes and fencing and attempted to put Jackson's arms behind his back. Jackson resisted. Eventually the deputies were able to subdue Jackson and handcuff him. During this incident one of the deputies received a scratch on his face and both hands from the fencing and bushes. At the time of the incident, Jackson was on work release for an earlier conviction.

On April 15, 2013, Jackson was charged with one count of eluding and one count of interference with official acts inflicting bodily injury. He pled guilty at his arraignment and was sentenced to a maximum term of two years on each count to be served concurrently with each other and concurrent with his work release/parole.

Several weeks later, the sentencing court received an e-mail from a clerk with the Department of Corrections (DOC). The e-mail informed the district court of the DOC's belief Jackson's sentence must be served consecutively because Jackson was on work release at the time of the present charges. The district court set the matter for hearing and resentenced Jackson to a maximum of two years on each count, concurrent with each other but consecutive to his work release sentence.

## II. Standard of Review

Jackson's ineffective assistance of counsel claim raises a constitutional issue; accordingly, we review it de novo. *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014). Jackson's challenge to the application of the sentencing

statute is reviewed for errors at law. *State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003). We will not reverse the district court's sentencing decisions unless there was a defect in the sentencing procedure or an abuse of trial court discretion. *Id.*

## III. Discussion

Jackson raises three issues on appeal. First, he claims his trial counsel was ineffective by allowing him to plead guilty to a charge for which there was no factual basis. He also claims consecutive sentences were not required because work release is not confinement in a penal institution or detention facility. Finally, he contends the district court abused its discretion by failing to order a sentence similar to the original sentence in this case.

### A. Ineffective Assistance

To prevail on a claim of ineffective assistance of counsel, Jackson must show both that his trial counsel performed ineffectively and prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). The first prong requires proof his counsel performed at a level "below the standard demanded of a reasonably competent attorney." *Id.* An attorney is ineffective when a criminal defendant is allowed to plead guilty to charge for which there is no factual basis, so long as counsel also fails to file a motion in arrest of judgment challenging the plea. *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). The determinative question is whether there was a factual basis for Jackson's plea on the interference with official acts inflicting bodily injury charge. Jackson claims he did not "inflict" the injury.

Section 719.1(1)(d) defines interference with official acts inflicting bodily injury when someone interferes with a peace officer's official acts and in so doing inflicts a bodily injury that is not a serious injury. The only disputed element is the term "inflict," which is not defined by the Iowa Code or any existing Iowa Supreme Court precedent. Jackson relies upon a series of unpublished Iowa Court of Appeals cases to define what does and does not constitute infliction of a bodily injury. *See State v. Dudley*, No. 11-0413, 2012 WL 170738 (Iowa Ct. App. Jan 19, 2012); *State v. Loggins*, No. 08-1836, 2009 WL 3337664 (Iowa Ct. App. Oct. 7, 2009); *State v. Bothwell*, No. 03-0421, 2003 WL 22900543 (Iowa Ct. App. Dec. 10, 2003). These cited cases are not binding upon us today; however, they each follow a guiding principle that "inflict" requires an intentional, direct action by the defendant.

The State contends *State v. Palmer*, 791 N.W.2d 840, 852 (Iowa 2010), is controlling and requires proof only of causation. We disagree. In *Palmer*, the defendant claimed prejudice because trial counsel failed to object to a marshalling instruction that used the word "caused" instead of "inflicted." 791 N.W.2d at 852. Our supreme court found no prejudice, however the case does not stand for the proposition that inflict and cause are synonymous. *Id.* Use of the word "causing" in *Palmer* was not prejudicial because of other charges in the case, namely assault on a correctional officer causing bodily injury, upon which Palmer was convicted. *Id.* at 851–52. Because the jury must have concluded the defendant did an act that caused bodily injury, the result of the proceeding would not have been different if the word "intent" would have been used. *Id.* at

852. We find no parallel for Jackson and do not find *Palmer* equates "inflict" and "cause" for all purposes.

The statute exists to allow law enforcement officers to engage in their activities without interference. *State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996). One meaning of the term "inflict" is "to lay (a blow) on." Webster New International Dictionary, 1160 (3d ed. 2002). The second definition is to "cause (something damaging or painful) to be endured." *Id.* Combining the two together, we thus interpret "inflict" to mean an intentional action directed at the deputy, or in more legal terms, to directly, not merely proximately, cause the injury. With this definition in mind, we find sufficient evidence in the record for the plea. The deputy was injured not while merely pursuing Jackson, but while Jackson actively and forcefully resisted arrest both by running into the barbed wire and the bushes, and by refusing to put his hands behind his back.

Finding a factual basis for the charge, Jackson's counsel did not perform ineffectively.

### B.    Sentencing

Section 901.8 requires consecutive sentences when a person is sentenced for a crime committed while the person is "confined in a detention facility or penal institution." None of these terms are defined by Chapter 901. Jackson claims he was not so confined at the time of the incident in this case and, accordingly, was not subject to mandatory consecutive terms.

In *State v. Jones*, 298 N.W.2d 296, 298 (Iowa 1980), our supreme court defined "confined" to mean "committed" under the statute. This definition

comports with the rest of the statute and the practical goals of the section. The next line of the section provides for the location of incarceration when the person is "presently in the custody of" the DOC. Iowa Code § 901.8. The legislature's use of the two terms indicates physical custody of the defendant and confinement mean different things. Defendants who escape a detention facility or penal institution, and accordingly are not confined within the usual meaning of the term, are still committed to the institution despite a physical separation from the facility or institution. *See State v. Knipe*, 349 N.W.2d 770, 771–72 (Iowa 1984) (inmate still committed to the institution despite being free on furlough). This interpretation gives meaningful effect to the statute, as it prevents inmates from avoiding prosecution by way of escape. *See Jones*, 298 N.W.2d at 298–99 (holding an inmate was "confined" despite being absent as an escapee). The guiding principle concerning whether an individual is confined has been whether the individual remains "subject to the rules and regulations of the institution." *Knipe*, 349 N.W.2d at 771–72.

For the consecutive sentences mandate to apply, Jackson must be committed to a specific type of institution. He claims work release is neither a detention facility nor penal institution.[1] In *Knipe*, our supreme court found "detention facility or penal institution" includes, at a minimum, the institutions

---

[1] The district court expressed some dismay regarding the lack of clarity concerning the precise nature and conditions of Jackson's work release. We find the same clarity lacking in the record, significantly hindering our review of the case. The lack of specificity and clarity may be a result of the unusual circumstances surrounding Jackson's resentencing, which occurred at the request of an individual within the DOC. The authority of the DOC to provide the notice issued in this case is unclear. Because it is not challenged by Jackson or the State, however, we will not review the issue at this time.

listed in section 904.102. *Id.* at 771. The language employed indicates the institutions enumerated in section 904.102 are not exclusive or exhaustive. The fact Jackson's work release program is not obviously included in section 904.102 is not conclusive on this issue.

Section 901B.1 establishes a "corrections continuum", including "work release facilities." Iowa Code § 901B.1(1)(c)(3). Work release is statutorily defined as "quasi-incarceration," which is also defined as being "supported by a residential facility." *Id.* The work release program is established by section 904.901, which requires the DOC to create a program for "inmates sentenced to an institution under the jurisdiction of the department," giving the individual "the privilege of leaving *actual confinement*" for the purpose of working. *Id.* § 904.901 (emphasis added). When the individual does not return to the institution after work, the DOC is required to provide for the housing of the individual. Iowa Code § 904.904. The nature of work release is further clarified by the fact time spent in work release from "the institution" applies towards the criminal sentence. *Id.* § 906.16.

Reviewing each of these sections together, we find Jackson was "confined" to a "penal institution" while on work release. Work release itself is defined as quasi-incarceration. The program itself is created for people sentenced to DOC "institutions" in place of "actual confinement." As such, the district court was required, under section 901.8, to sentence Jackson to consecutive sentences.

### B.     Abuse of Discretion

Jackson claims the district court abused its discretion by failing to order a sentence similar to the original sentence in this case.  His argument is based upon a statement made during the resentencing hearing, by the district court, that the original sentence was fair.  Jackson contends if the original concurrent sentence was fair then the only fair sentence at resentencing would be the concurrent, not consecutive, sentences imposed.

District courts are permitted to consider sentences as a part of an integrated whole, or as a package.  *State v. Harrington*, 805 N.W.2d 391, 395-96 (Iowa 2011).  Consideration of a package as a whole is not, however, required. *Id.*  Sentences within the statutory limits will only be set aside for an abuse of discretion.  *State v. Peckenschneider*, 236 N.W.2d 344, 348 (Iowa 1975).  "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable."  *State v. Privitt*, 571 N.W.2d 484, 486 (Iowa 1997).

We find no abuse of discretion.  The district court was clearly unsettled by the unusual course of events, particularly with regards to the DOC's actions in bringing the sentencing issues to the district court's attention.  The record does not indicate the district court failed to exercise its discretion because it correctly believed the consecutive terms were required.

**AFFIRMED.**