**IN THE COURT OF APPEALS OF IOWA**

No. 13-1850
Filed December 24, 2014

**ERIC ANTONIO WAYMAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, James D. Scott,

Judge.

Eric Antonio Wayman appeals the district court's grant of summary

judgment on his application for postconviction relief.  **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, Patrick Jennings, County Attorney, and Drew Bockenstedt, Assistant

County Attorney, for appellee State.

Considered by Danilson, C.J., and Vogel and Bower, JJ.  Scott, S.J., takes

no part.

**DANILSON, C.J.**

Eric Antonio Wayman appeals from summary judgment dismissing his application for postconviction relief. Because a work release facility is a "detention facility or penal institution" for purposes of Iowa Code section 901.8 (2011), the sentencing court did not err in ordering his sentence for the drug offense to be served consecutively to his prior sentence for which he was on work release. Wayman also asserts his right to a jury trial was violated when the required consecutive sentences were imposed. This claim is not one of an illegal sentence, which can be raised at any time.

**I. Background Facts and Proceedings.**

We filed our opinion in this case on November 26, 2014, but subsequently granted Wayman's petition for rehearing. Our November 26 decision is therefore vacated, and this decision replaces it.

Wayman pled guilty in 2001 to several charges for which he was sentenced to a term not to exceed twenty-five years. He was paroled in 2007, but his parole was revoked that same year. He was paroled in 2012. His parole was again revoked in June 2012 for a parole violation.

Subsequently, Wayman was placed on work release status at a residential treatment facility. In August 2012, he left the facility without permission.

On October 4, 2012, law enforcement officers observed Wayman and another person enter a suspected drug house and depart in a vehicle. Officers attempted to initiate a traffic stop, but Wayman led law enforcement on a high speed chase, ultimately abandoning the vehicle and fleeing on foot. Wayman eluded apprehension that day. However, the duffle bag he was observed

carrying was recovered and was found to contain a large quantity of marijuana. Wayman was apprehended on February 5, 2013.

On March 6, 2013, Wayman filed a written plea of guilty to the crime of absence from custody, in violation of Iowa Code section 719.4(3) (the complaint alleged he signed out of the residential treatment facility on August 23, 2012, and failed to return).[1] Also on March 6, 2013, Wayman appeared before the court and entered a guilty plea to possession with intent to deliver a controlled substance arising from the October 4, 2012 events. He requested immediate sentencing. The court entered judgment and sentence on the conviction, sentencing Wayman to a term not to exceed five years, which was to be served concurrently with the sentence remaining on the 2001 convictions.

The State filed a motion to correct an illegal sentence on April 11, stating the "parties were informed by the Department of Corrections [(DOC)] that Iowa Code section 901.8 requires a crime committed while confined in a detention facility to run consecutive to the work release violation." An April 22, 2013 hearing was held, at which Wayman "reaffirm[ed] his decision to plead guilty" to possession with intent to deliver "and to be sentenced consecutively." Wayman did not appeal.

In July 2013, Wayman filed an application for postconviction relief, alleging the reconsidered sentence was illegal. The State filed a motion for summary judgment. In an amended application, Wayman asserted:

> 9. The grounds upon which this Application is based is pursuant to Iowa Code § 814.7 which provides that ineffective assistance of counsel, the conviction or sentence was in violation of

---

[1] On March 7, Wayman was sentenced on this charge to ten days in jail.

the U.S. and Iowa Constitutions and the laws of this state, the court was without jurisdiction to impose sentence, the sentence exceeds the maximum allowed by law.

10. The Applicant was sentenced pursuant to a plea agreement that provided that his sentence in this matter would be concurrent to the sentence that he was serving at the time of his conviction. Thereafter the state filed a motion to correct an illegal sentence citing Iowa Code § 901.8 as the grounds. The Applicant's prior sentence was legal and the court had no jurisdiction or authority to change a sentence that was already imposed. The Applicant's trial attorney was ineffective in failing to resist or otherwise challenge the motion to correct the illegal sentence or the court's resentencing of the Applicant.

11. The Applicant was not "confined" to a detention facility or penal institution at the time of the commission of the crime in this matter pursuant to Iowa Code § 901.8.

12. The Applicant was not confined to a "detention center or penal institution" at the time of the commission of the crime in this matter.

13. Based upon these facts, the court was not required to provide for a consecutive sentence and has no authority to resentence the Applicant. Further, Applicant's trial counsel was ineffective for failing to contest the resentencing in some manner.

Wayman resisted the motion for summary judgment, challenging the claim that a residential treatment facility is a "detention facility or penal institution."

Following a hearing, the district court wrote,

Applicant argues the court lacked jurisdiction to change his previous sentence, because it was not illegal for the sentences to run concurrently. He concedes that if his sentence was illegal, then the court would have had the proper authority to correct an illegal sentence. Therefore, Applicant's claim entirely rests on the merits of whether his sentence was illegal under section 901.8. Since there are no disputed facts, no genuine issue of material fact remains, and the Court is left to determine the legal outcome based on the undisputed facts.

The court concluded Wayman committed the offense of possession with intent to deliver a controlled substance while he was confined in a detention center, and sustained the State's motion for summary judgment.

Wayman appeals, contending the sentencing court was not required to order his sentence for possession with intent to deliver be served consecutively to his prior sentence for which he was on work release.

**II. Standard of Review.**

We ordinarily review postconviction relief decision for errors of law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). We review constitutional challenges, such an ineffective assistance of counsel, de novo. *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014). We review the application of pertinent sentencing statutes for correction of errors of law. *State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003).

**III. Discussion.**

*A. Ineffective-assistance-of-counsel claim.* To prevail on a claim of ineffective assistance of counsel, Wayman must establish both deficient assistance and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). Counsel cannot be found ineffective in failing to raise a meritless motion. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) (explaining that counsel has no duty to raise an issue that has no merit).

Section 901.8 requires consecutive sentences when a person is sentenced for a crime committed while the person is "confined in a detention facility or penal institution." None of these terms are defined by chapter 901. In *State v. Jones*, 298 N.W.2d 296, 298 (Iowa 1980), our supreme court defined "confined" to mean "committed" under the statute. Defendants who escape a detention facility or penal institution, and accordingly are not confined within the usual meaning of the term, are still committed to the institution despite a physical

separation from the facility or institution.[2] *See State v. Knipe*, 349 N.W.2d 770, 771–72 (Iowa 1984) (finding an inmate was still committed to the institution despite being free on furlough).

Wayman claims consecutive sentences were not required and, therefore, the district court could have imposed the concurrent sentences and improperly reconsidered the sentences. He argues work release is not confinement "in a penal institution or detention facility." For the consecutive sentences mandate to apply, Wayman must have been committed to a specific type of institution. He claims work release is neither a detention facility nor penal institution. In *Knipe*, our supreme court found "detention facility or penal institution" includes, at a minimum, the institutions listed in section 904.102. *Id.* at 771. The language employed indicates the institutions enumerated in section 904.102 are not exclusive or exhaustive.

Section 901B.1 establishes a "corrections continuum," including "work release facilities." Iowa Code § 901B.1(1)(c)(3). Work release is statutorily defined as "quasi-incarceration," which is also defined as being "supported by a residential facility." *Id.* The work release program is established by section 904.901, which requires the DOC to create a program for "inmates sentenced to an institution under the jurisdiction of the department," giving the individual "the privilege of leaving *actual confinement*" for the purpose of working. *Id.* § 904.901 (emphasis added). The nature of work release is further clarified by the fact time spent in work release from "the institution" applies towards the criminal sentence. *Id.* § 906.16.

---

[2] Wayman's appeal does not challenge the definition of confinement.

Reviewing each of these sections together, we conclude Wayman was "confined" to a "detention facility or penal institution" while on work release. Work release itself is defined as quasi-incarceration. The program is created for people sentenced to DOC "institutions" in place of "actual confinement." Here, Wayman absconded when he was "confined" to a specific institution despite his physical separation from the facility as permitted by the work release program. As such, the district court was required, under section 901.8, to sentence Wayman to consecutive sentences. *See Knipe*, 349 N.W.2d at 772. Wayman's counsel was not ineffective in failing to object to the resentencing for possession with intent to deliver a controlled substance. We therefore affirm the dismissal of his application for postconviction relief.

*B. Violation of right to jury trial*. Wayman also asserts his right to a jury trial was violated when the required consecutive sentences were imposed. The State asserts this issue was not properly preserved because it was not raised in the district court, and it does not involve a claim of an illegal sentence.

"A claim that a sentence is illegal goes to the underlying power of the court to impose a sentence, not simply to its legal validity." *Veal v. State,* 779 N.W.2d 63, 65 (Iowa 2010). The purpose of allowing review of an "illegal sentence" is "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence." *State v. Bruegger,* 773 N.W.2d 862, 871–72 (Iowa 2009). Rather,

> a challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional. This conclusion does not mean that any

constitutional claim converts a sentence to an illegal sentence. For example, claims under the Fourth, Fifth and Sixth Amendments ordinarily do not involve the inherent power of the court to impose a particular sentence. Nor does this rule allow litigants to reassert or raise for the first time constitutional challenges to their underlying conviction.

*Id.* at 871. Thus, where "the claim is that the sentence itself is inherently illegal, whether based on constitution or statute, . . . the claim may be brought at any time." *Id.* at 872; *see also* Iowa R. Crim. P. 2.24(5)(a).

We agree with the State that Wayman's claim is not one of an illegal sentence, i.e., that the sentence itself is inherently illegal. Rather, as a matter of statutory interpretation, at the time of the offense to which Wayman pled he was confined to a "detention facility or penal institution" and thus the sentence was mandatory. *See Knipe*, 349 N.W.2d at 772 ("The trial court properly interpreted section 901.8 and ordered defendant's sentence to be served consecutively to his existing sentence."). Wayman's claim is not properly before this court. We therefore affirm.

**AFFIRMED.**