# IN THE COURT OF APPEALS OF IOWA

––––––––––––––

No. 24-2001
Filed January 7, 2026

––––––––––––––

**State of Iowa,**
Plaintiff–Appellee,
v.
**Terrance Martice Miller,**
Defendant–Appellant.

––––––––––––––

Appeal from the Iowa District Court for Linn County,
The Honorable Lars G. Anderson, Judge.

––––––––––––––

**AFFIRMED**

––––––––––––––

Des C. Leehey, Cedar Rapids, attorney for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

––––––––––––––

Considered without oral argument
by Schumacher, P.J., and Badding and Langholz, JJ.
Opinion by Badding, J.

1

**BADDING, Judge.**

This appeal presents a wrinkle that has rarely been addressed in our sentencing case law: what happens when a district court's oral pronouncement of a defendant's mandatory sentence is illegal but the sentence in the written judgment entry is correct?

Terrance Miller appeals the sentences imposed in two criminal cases involving three convictions and forty-five counts of contempt. The district court ran Miller's sentences concurrently with one another, resulting in a total term not to exceed ten years in prison. The court also orally pronounced that those sentences would be "concurrent with the federal sentence" he was serving when his crime was committed. But in its written judgment entry, the court ordered the sentences to run consecutively to the federal sentence.

Without mentioning the oral pronouncement, Miller argues the court erred in finding that Iowa Code section 901.8 (2024) required consecutive sentencing. The State disagrees, correctly arguing that Miller's argument is foreclosed by our supreme court's decision in *State v. Jones*, 298 N.W.2d 296, 298 (Iowa 1980). Recognizing the discrepancy between the court's oral and written sentences, the State argues the oral pronouncement of concurrent sentences "constitutes an illegal sentence," but the "written sentence imposes the only correct sentence and it should stand."

We agree with the State. The sentence announced by the district court at the sentencing hearing was illegal and void. But because the written judgment entry correctly imposed consecutive sentences—which were mandatory under section 901.8—we affirm.

2

## I.    Background Facts and Proceedings

After violently attacking his child's mother, Terrance Miller sent her a series of text messages threatening further harm. The State charged him with domestic abuse assault by strangulation causing bodily injury and first-degree harassment. While awaiting trial, Miller called the victim dozens of times from jail, urging her to "drop the charges" and recant her statements to police. Based on those calls, the State charged Miller with witness tampering. It also asked the court to hold Miller in contempt for violating his criminal no-contact order. A jury convicted Miller on the assault and harassment charges, and the district court found him guilty of forty-five counts of contempt. Miller later pled guilty to the witness-tampering charges.

The court held a combined sentencing hearing on Miller's multiple convictions and contempts. Pursuant to a plea agreement, both parties asked the court to impose a ten-year prison term for Miller's witness-tampering conviction, to run concurrently with the lesser terms imposed for the other offenses. The court accepted that joint recommendation and sentenced Miller to concurrent indeterminate terms of ten years for witness tampering, five years for domestic abuse, and two years for harassment, along with 336 days in jail for his no-contact violations.

However, a dispute arose at sentencing about whether Miller's new sentences should run concurrently or consecutively with a term of federal supervised release Miller was serving when he committed his state offenses. According to a presentence investigation report, Miller was not expected to discharge from federal supervision until December 2025. The report also noted that Miller "went on escape from the Davenport Residential Facility" in January 2024. The State alleged that Miller remained on escape status at

the time of his crimes, and so it urged the court to treat his new prison terms as consecutive under Iowa Code section 901.8. Miller disputed that interpretation of the statute, asking the court to run his state sentences concurrently with his federal one. In what both parties suggest was slip of tongue, the district court concluded:

> I do believe based on my review of Iowa Code section 901.8 and the *Kincaid* case that I referred to earlier, that I am required under Iowa law to run . . . the criminal sentences *concurrent* with the federal sentence that Mr. Miller is serving and am ordering the same.

(Emphasis added.) The court later entered a written order sentencing Miller to concurrent state prison terms that would "run consecutively to the Defendant's federal sentence." Miller appeals this aspect of his sentence.

## II.    Standard of Review

We review illegal-sentencing challenges, questions of statutory interpretation, and claimed discrepancies between an oral sentence and written judgment entry for the correction of errors at law. *See Anderson v. Iowa Dist. Ct.*, 989 N.W.2d 179, 181 (Iowa 2023); *State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995).

## III.    Analysis

Whether to treat a new sentence as concurrent or consecutive is typically a decision within the sentencing court's discretion. *State v. Jones*, 299 N.W.2d 679, 682–83 (Iowa 1980). However, our legislature has limited that discretion in cases where "a person is sentenced for . . . a crime committed while confined in a detention facility or penal institution."[1] Iowa

---

[1] Section 901.8 also limits the district court's discretion where the defendant "is sentenced for escape under section 719.4." Although the State alleges Miller was a

4

Code § 901.8.  In that circumstance, "the sentencing judge shall order the sentence to begin at the expiration of any existing sentence." *Id.*

The Iowa Supreme Court has interpreted the words "any existing sentence" to mean "any sentence the [defendant] was under at the time he . . . committed a crime while confined." *Jones*, 299 N.W.2d at 682.  It has also held that "the word 'confined' in section 901.8 means 'committed.'" *Jones*, 298 N.W.2d at 298.  In other words, the statute may apply even when a defendant's new offense did not occur inside the walls of a detention facility or penal institution.  *See id.* at 298–99 (finding that section 901.8 required a consecutive sentence where the defendant perpetrated a robbery while on escape from a state penitentiary); *State v. Knipe*, 349 N.W.2d 770, 772 (Iowa 1984) (holding "a crime committed while on furlough from a state corrections workcamp is a crime committed while confined" (cleaned up)).

Miller does not deny that he had escaped from a residential facility where he was serving a term of federal supervision when he committed his new state offenses.[2]  *See State v. Kincaid*, 07-1129, 2008 WL 2746477, at *1–2 (Iowa Ct. App. July 16, 2008) (finding that a crime "committed while on day programming" through a judicial district residential facility "was 'a crime committed while confined in a detention facility or penal institution'" (quoting Iowa Code § 901.8)).  Rather, he argues that his status did not constitute "confinement" under section 908.1.  Miller advocates for a literal interpretation of that term, contending "the *Jones* ruling now stands in contradiction to more recent precedent."  He dedicates most of his appellate

fugitive at the time he committed his new offenses, his sentences were not for the crime of escape.  So that statutory prong is not at issue.

[2] We also note that Miller committed his witness-tampering offense while confined in jail on the assault and harassment charges.

brief to explaining why *Jones*'s definition must be abandoned. But as an intermediate court of appeals, we "are [not] at liberty to anticipatorily overrule [the supreme] court's precedent." *Bomgaars v. State*, 967 N.W.2d 41, 48 n.4 (Iowa 2021).

Under *Jones*, the mandatory sentencing provision of section 901.8 applied here. The district court's written judgment entry correctly ordered Miller's state sentences to "run consecutively to the Defendant's federal sentence." The problem is that at the sentencing hearing, the court ordered the sentences to be "concurrent with the federal sentence that Mr. Miller is serving." Because that was not permitted by section 901.8, the court's oral sentencing pronouncement was illegal. *See Hess*, 533 N.W.2d at 527 ("When a court imposes a sentence which statutory law does not permit, the sentence is illegal."); *see also* Iowa Ct. R. 2.24(5)(b) ("An illegal sentence is a sentence that could not have been lawfully imposed for the defendant's conviction or convictions.").

Usually, "where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls." *Hess*, 533 N.W.2d at 528 (citation omitted). And if a "judgment entry incorrectly differs from the oral rendition of the judgment merely as a result of clerical error," the supreme court has held "that the proper remedy is for the district court to correct the written judgment entry by issuing a nunc pro tunc order." *Id*. at 527–29. But—as we asked at the beginning of this opinion—what happens when the oral pronouncement is illegal and the written judgment entry is correct?

The court in *State v. Shilinsky* considered a similar issue. 81 N.W.2d 444 (Iowa 1957). In that case, the district court orally sentenced the defendant to a term in the county jail. *Id*. at 448. Two days later, the court

recalled the defendant and sentenced him to an indeterminate term in prison. *Id.* In addressing the defendant's complaint that the district court lacked jurisdiction to impose the second sentence, the court held the first sentence imposing jail time "had no validity" and did not prevent "a later proper sentence" because "it did not accord with the sentence provided by the Iowa statute for the offense of which the defendant was convicted." *Id.*

This makes sense because, as the court in *Shilinsky* recognized, an illegal sentence is void. *Id.* at 449; *see also State v. Ohnmacht*, 342 N.W.2d 838, 842 (Iowa 1983) ("A sentence not permitted by statute is void."). "Void sentences are not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation." *Ohnmacht*, 342 N.W.2d at 843. "Because an illegal sentence is void, it can be corrected at any time." *State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000); *see also* Iowa R. Crim. P. 2.24(5)(a). Thus, in *Shilinsky*, the court stated that a void "sentence may be superseded by a new sentence in conformity to the provisions of the statute." 81 N.W. at 449 (citation omitted). So even though the court's oral pronouncement "imposed an illegal and void sentence, it ha[d] the power to substitute for it at a later time a legal sentence." *Id.* (citation omitted); *see also Ohnmacht*, 342 N.W.2d at 842 ("When the sentencing judge departed from the legislatively mandated sentence, the pronouncement became a nullity.").

For these reasons, we agree with the State that the district court's written judgment entry imposing the mandatory consecutive sentence under Iowa Code section 901.8 "is a valid sentence and should stand."

**AFFIRMED.**